# IN THE COURT OF APPEALS OF IOWA

No. 21-0493
Filed March 30, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAMUEL EDWARD SEIDELL JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.


        Samuel Seidell Jr. appeals the district court's denial of his application to modify his sex offender registration requirements. **AFFIRMED.**


        John O. Moeller, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

Samuel Seidell Jr. appeals the district court's denial of his application to modify his sex offender registry (SOR) requirement.  Finding no abuse of discretion or consideration of improper factors, we affirm.

**I. Background Facts.**

In 2010, Seidell pleaded guilty to third-degree sexual abuse, in violation of Iowa Code sections 709.4(1) and 709.4(2)(b) (2009), a forcible felony.[1]  He received a ten-year prison sentence, was placed on the SOR, and would be on lifetime special sentence parole upon release from prison.  He is required to register for life as the offense is an "aggravated offense against a minor" under Iowa Code section 692A.101(2).

Seidell was released to a work release facility in 2014 and successfully completed his sex offender program requirements in 2015.  Seidell is considered a Tier III sex offender, *see* Iowa Code § 692A.102(1)(c)(10), which requires he regularly report to a parole officer and report to the sheriff four times per year.  He is also subject to the 2000-foot residency restrictions imposed by Iowa Code section 692A.114.

In June 2020, Seidell obtained a stipulation from the Iowa Department of Corrections (DOC) that he had fulfilled the criteria to apply for modification of the

---

[1] The statutory provision states, "A person commits sexual abuse in the third degree when the person performs a sex act[,] . . . [t]he act is between persons who are not at the time cohabitating as husband and wife[,] and . . . [t]he other person is twelve or thirteen years of age."  Iowa Code § 709.4(2)(b).  Seidell admitted that when he was seventeen years old he placed his penis into the vagina of a twelve-year-old.

2000 foot residency restriction of his SOR terms.[2]  Seidell then filed his application for modification in the district court, which the State resisted.

At the hearing, Seidell testified he was working, "staying out of trouble, clean and sober, following the parole guidelines," and complying with the residency requirements.  He asked for a full release from the SOR.  Seidell's counsel indicated he was not eligible for full release but understood his age precluded a recommendation for full release by the DOC.[3]

The now-adult victim, K.S., made a statement to the court opposing Seidell's release:

> I remember when I was [twelve] literally sitting at—you know, in court and I remember the judge before saying that I was supposed to get a letter in the mail whenever he was getting released.  I now have my own child, and so I don't know how long he's been out of prison, not to mention a family member of his just contacted me two days ago asking me to just let it go and to lift the restraining order.
> Also, in his statement he just made he still believes that he did not rape anyone or he didn't harm me or he didn't do anything wrong. . . . . I can't wipe those memories out of my head.  I can't wipe out the fear that I have for my child to go to school. . . . I can't—if he sees no wrong in his actions, I mean, who's to say, like, it wouldn't happen again or worse or—you know what I mean?

In its ruling, the court noted Seidell had received disciplinary reports while incarcerated and in the work release center.  The district court also noted that because Seidell was not at a "very low risk" of reoffending under the evaluation criteria, the DOC would only stipulate to modification of the 2000-foot residency

---

[2] The stipulation verified (1) it had been at least five years since Seidell was required to register as a sex offender, (2) Seidell had completed all required sexual offense treatment programming, (3) a sex offender risk assessment had been completed, and Seidell was determined to be at low or below-average risk to reoffend, and (4) he was not incarcerated.  *See* Iowa Code § 692A.128 (2020) (establishing the criteria for SOR requirement modification).

[3] Seidell attempted to testify his ineligibility was due to his age and the court could nonetheless provide him with a full release from SOR restrictions.

restriction.  The court noted the difference between the victim's description and the offense and Seidell's:

> In investigating the sex offense, the author of the evaluation indicates that the victim stated that she fell asleep on the couch and awoke to find Mr. Seidell on top of her.  The victim further claimed that Mr. Seidell then had unprotected vaginal intercourse with her.  She further indicates that she told him to get off of her.  Mr. Seidell, in his interview with the evaluator on May 28, 2020, indicated that the intercourse was consensual and he committed the sex act "unintentionally."

The court then described Seidell's testimony at the hearing:

> The court observed Mr. Seidell via video on Zoom.  The court was appalled at the lack of remorse exhibited by Mr. Seidell during his testimony and lack of empathy for the victim who he knew was listening to the testimony by phone.  Mr. Seidell still refuses to take full responsibility for the sex abuse perpetrated on this then [twelve]-year-old girl.  He stated at the end of the hearing that, "I'm not this monster that my victim claims me to be.  I didn't rape her while she was sleeping."  He was then cut off by his attorney, who indicated that we are not re-litigating this case.
>
> While this is true, the court does take into consideration the appalling lack of remorse exhibited by Mr. Seidell during the hearing.  His facial expressions and demeanor during the victim's statement also indicate to the court that he does not fully comprehend the gravity of perpetrating sexual abuse on [a] [twelve]-year-old girl who is now an adult.  Given the victim's statement, this incident has had a lifelong impact on her.

The court denied Seidell's application, concluding:

> In deciding whether or not to grant the requested relief to Mr. Seidell, the court considers the safety of the community as well as Mr. Seidell's accomplishments since release from prison.  In weighing these factors, the court finds that Mr. Seidell's testimony, as well as his demeanor during the hearing, indicate that he is not fully aware of the impact that he has had on this victim.  Given this fact, the court finds that he is still a threat to the community given his minimization of what he did when he committed sexual abuse on a [twelve]-year-old child.

On appeal, Seidell asserts the court erred in denying his application for modification in light of the DOC stipulation to modification and the court considered an improper factor in its ruling.

## II. Scope and Standard of Review.

> Iowa Code section 692A.128 provides that the district court may consider modification of the sex offender registration obligation if certain criteria are met. This initial threshold determination is reviewed for correction of errors at law. Any other questions involving interpretation of Iowa Code chapter 692A are also reviewable for correction of errors at law.

*Fortune v. State*, 957 N.W.2d 696, 702–03 (Iowa 2021) (citations omitted).

## III. Discussion.

Seidell seems to assert that because he obtained a stipulation from the DOC, the court was required to modify his SOR terms. However, section 692A.128(2) states "[a]n application shall not be granted *unless*" certain threshold requirements are met. *Id.* at 703 ("The statute generally provides that in order to be considered for modification, the offender must satisfy several threshold requirements."). The DOC stipulation is one of those criteria. *See* Iowa Code § 692A.128(2)(e). But meeting the threshold requirements does not require modification. As noted by our supreme court,

> Once the initial threshold is met, the district court *may grant modification*. . . . [T]he term "may" ordinarily vests the trial court with discretion. "An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law."

*Fortune*, 957 N.W.2d at 703 (emphasis added) (citations omitted).

If the applicant meets the threshold statutory requirements, the district court decides whether the registration requirements should be modified. *Id.* at 705. The district court is to consider

> only those factors that bear on whether the applicant is at low risk to reoffend and there is no substantial benefit to public safety in extending the registration requirements. We note that "low risk" does not mean *no risk.* As noted by one authority, "professional norms prohibit psychosexual evaluators from making 'statements asserting that [an individual] is no longer at any risk to reoffend.'" [Wayne A.] Logan, [*Database Infamia: Exit from the Sex Offender Registries,*] 2015 Wis. L. Rev. [219,] 232 (quoting Ass'n for Treatment of Sexual Abusers, *Practice Standards and Guidelines for the Evaluation, Treatment, and Management of Adult Male Sexual Abusers* 22 (2005)); *see also Patterson v. Foote*, 204 P.3d 97, 102 (Or. Ct. App. 2009) ("The requirement that the petitioner prove that he or she no longer poses a 'threat to the safety of the public' likewise provides no support for the state's insistence upon proof of a complete and total absence of a risk of reoffense."). And, conclusory appeals to public safety do not defeat a modification application. The threat to public safety must be tied to the individual applicant and the record established in each case.

*Id.* at 706.

Seidell argues the court considered an irrelevant factor—his lack of remorse. He asserts that lack of remorse is not a risk factor considered in the scientific tests and therefore it should be given no weight. We cannot agree. The supreme court in *Fortune* found that "the district court erred in relying on a lack of remorse that *did not have a factual basis in the record.*" *Id.* at 709 (emphasis added). Thus, the court implies lack of remorse is a proper factor to consider if there is a factual basis for the finding. Seidell does not challenge the court's finding of lack of remorse.

The court considered proper factors and did not abuse its discretion in denying the application to modify. We therefore affirm.

**AFFIRMED.**